**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**FRANK WHITTAKER,**

                         **Plaintiff,**

    vs.                                            1:18-CV-00539
                                                               (MAD/DJS)

**VANE LINE BUNKERING, INC.,** *individually and doing business as* **VANE BROTHERS, VANE BROTHERS COMPANY, THE VESSEL DBL-25, DANN OCEAN TOWING, INC., and THE VESSEL RUBY M,**

                         **Defendants.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **MELLEY, PLATANIA LAW FIRM**<br>24 Closs Drive<br>Rhinebeck, New York 12572<br>Attorneys for Plaintiff | **STEVEN M. MELLEY, ESQ.** |
| **HILL, RIVKINS LAW FIRM**<br>45 Broadway, Suite 1500<br>New York, New York 10006<br>Attorneys for Defendants Vane Line<br>Bunkering, Inc., Vane Brothers Company,<br>and the Vessel DBL-25 | **JAMES E. FORDE, ESQ.** |
| **LYONS, FLOOD LAW FIRM**<br>One Exchange Plaza<br>55 Broadway, Suite 1501<br>New York, New York 10006<br>Attorneys for Defendants Dann Ocean<br>Towing, Inc. and the Vessel Ruby M | **EDWARD P. FLOOD, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action on April 4, 2018 against Vane Line Bunkering, Inc., Vane Brothers Company, the Vessel DBL-25, Dann Ocean Towing, Inc., and the Vessel Ruby M (collectively, "Defendants"). Plaintiff alleges violations of the Jones Act (46 U.S.C. § 30104), the General Maritime Law (including The Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b)), New York Labor Law § 200, *et seq.*, and common law negligence claims. *See* Dkt. No. 2. Additionally, the Complaint discusses an executed arbitration agreement between the parties that, in Plaintiff's opinion, should be voided. *See id.* at ¶¶ 49-53.

Presently before the Court is Plaintiff's unopposed Motion to File and Serve a Second Amended Verified Complaint and to Vacate the Notice of Removal. *See* Dkt. No. 14. For the following reasons, that motion is granted.

## II. BACKGROUND

**A.     Facts**

Plaintiff was an employee of Vane Line Bunkering, Inc. and Vane Brothers Company (collectively, "Vane"), where he worked as a crew member on the tank barge DBL-25. *See* Dkt. No. 14-5 at ¶¶ 2-7. As a crew member, Plaintiff was a "seaman" as defined in the Jones Act, 46 U.S.C. § 30104, who "performed traditional seaman's duties" in navigable waters. *See id.* at ¶¶ 8-9; Dkt. No. 8 at ¶ 9. Dann Ocean Towing, Inc. is a Florida corporation that owns Ruby M, a tug boat operating in navigable waters. *See* Dkt. No. 7 at ¶¶ 3, 4.

Plaintiff alleges that on April 5, 2015, he was injured aboard DBL-25 while on navigable waters at Phillips Bayway in or near New Jersey and/or New York "due to the negligence, carelessness and recklessness of [Vane]." *See* Dkt. No. 14-5 at ¶ 25. Additionally, he alleges that on March 19, 2016, he "sustained continuing, enhanced and/or additional bodily injuries due to the negligence, carelessness and recklessness of [Vane]." *Id.* at ¶ 26. Specifically, Plaintiff

claims that DBL-25 and Ruby M were not "safe and seaworthy vessel[s]," that were (1) inadequately staffed, (2) improperly positioned, navigated, and moved, (3) not equipped with proper gear, and (4) not properly supervised. *See id.* at ¶ 27. Additionally, Plaintiff alleges that Vane "violated all applicable federal, marine, maritime, state and/or local laws, statutes, [and] regulations," and did not properly train Plaintiff to safely perform the work, which led to his injuries. *See id.* Plaintiff claims that he suffered economic and non-economic losses, including "numerous, serious and debilitating bodily injuries." *See id.* at ¶¶ 28, 29.

**B.    Procedural History**

On April 4, 2018, Plaintiff filed a Complaint against Defendants in the Supreme Court of the State of New York in Ulster County. *See* Dkt. No. 14-4. The next day, Plaintiff filed an Amended Verified Complaint, which added a "verification" but was otherwise identical to the original Complaint. *See* Dkt. No. 14-5; Dkt. No. 14-2 at ¶¶ 3, 4. Defendants filed a Notice of Removal on May 3, 2018, claiming that this Court has diversity jurisdiction and "original and exclusive jurisdiction . . . pursuant to 28 U.S.C. §§ 1331 and 1333 because the Complaint alleges in rem claims against the vessels *DBL-25* and *Ruby M*." *See* Dkt. No. 1 at ¶¶ 3-9.

On June 15, 2018, Plaintiff filed a Motion to File and Serve a "Second Amended Verified Complaint" and to Vacate the Notice of Removal. *See* Dkt. No. 14; Dkt. No. 14-1. With this motion, Plaintiff submitted a proposed Second Amended Verified Complaint which removes (1) the vessels DBL-25 and Ruby M from the case and (2) the claim for "vessel negligence" brought under The Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b). *See* Dkt. No. 14-1 at 4; Dkt. No. 14-3 at 1, 17. That motion is unopposed, and is now before the Court.

### III. DISCUSSION

**A.    Motion for Leave to Amend**

3

*1. Legal Standard*

According to Rule 15 of the Federal Rules of Civil Procedure, since a responsive pleading has already been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Notwithstanding this lenient standard, the decision to grant or deny leave to amend is within the discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court may properly deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*; *see also SCS Commc'ns, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2004) ("[U]nder Fed. R. Civ. P. 15(a), leave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent"). However, "'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (citation omitted). Additionally, the Northern District's Local Rule 7.1(a)(4) requires that a party moving to amend a pleading attach an unsigned copy of the proposed amended pleading to its motion papers. N.D.N.Y. L.R. 7.1(a)(4).

*In rem* jurisdiction is based on the court's power over property within its territory. *Shaffer v. Heitner*, 433 U.S. 186, 199 (1977). An action brought *in rem* "depends on the court's having jurisdiction over the *res*, the property which is named as defendant," although "this possession may be actual or constructive." *See R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 964 (4th Cir. 1999); *see also Rolls Royce Indus. Power (India) v. M.V. Fratzis M. Stratilatis Navigation Ltd.*, 905 F. Supp. 106, 107 (S.D.N.Y. 1995) (finding that "[a]s a general matter, a court cannot make

4

orders relating to or in aid of an *in rem* claim unless the *res* is within the court's jurisdiction"). "The effect of a judgment in such a case is limited to the property that supports jurisdiction and does not impose a personal liability on the property owner, since he is not before the court." *Shaffer*, 433 U.S. at 199.

According to the Supplemental Admiralty and Maritime Claims Rules, an *in rem* admiralty action may only be brought "'[t]o enforce any maritime lien . . . [or] . . . [w]henever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto.'" *Garcia v. M/V Kubbar*, 4 F. Supp. 2d 99, 1998 A.M.C. 893, 896 (N.D.N.Y. 1998) (citing Rule C(1)(a) of the Supplemental Admiralty and Maritime Claims Rules). The Longshore and Harbor Workers' Compensation Act specifically grants an *in rem* claim for injuries resulting from the negligence of a vessel. *See Luera v. M/V Alberta*, 635 F.3d 181, 184 n.1 (5th Cir. 2011) (citing 33 U.S.C. § 905).

### 2. *Application*

Plaintiff requests leave to remove the vessels and his claim for "vessel negligence" under the Longshore and Harbor Workers' Compensation Act. *See Garcia*, 1998 A.M.C. at 896; *Luera*, 635 F.3d at 184 n.1. Plaintiff claims that he unintentionally named the vessels as Defendants and did not mean to invoke *in rem* jurisdiction with regard to either vessel. *See* Dkt. No. 14-1 at 4-5. While the Court is not persuaded that the inclusion of the vessels and maritime lien claim was unintentional, the Court finds no improper delay or bad faith on Plaintiff's part. *See Foman*, 371 U.S. at 182. Granting leave to amend will not unduly prejudice Defendants, particularly because Plaintiff seeks to remove one claim and two Defendants from this action. *Id.* Additionally, there is no indication that this jurisdiction has actual or constructive possession over the vessels, which is required for *in rem* jurisdiction. *See R.M.S. Titanic*, 171 F.3d at 964. Finally, Plaintiff has

submitted a proposed Second Amended Verified Complaint in compliance with Local Rule 7.1(a)(4), and Defendants have not opposed Plaintiff's motion. *See* Dkt. No. 14-3 at 4-22. As such, Plaintiff's request for leave to file a Second Amended Verified Complaint to remove the vessels and "vessel negligence" claim from this action is granted.

**B.     Remand to State Court**

*1. Legal Standard*

A defendant may remove to federal court any civil action brought in a state court if the case could have originally been filed in federal court. *See Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 309-10 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)). An action may be filed in federal court if the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Once a case has been removed, it must be remanded "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Shapiro*, 412 F.3d at 310 (quoting 28 U.S.C. § 1447(c)). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted). Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, "[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored." *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 296-97 (E.D.N.Y. 2005) (citation omitted).

"A Jones Act claim is an *in personam* action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001) (citing 46 U.S.C. § 30104). A claim

brought under the Jones Act is "not subject to removal to federal court even in the event of diversity of the parties," *id.* at 455, because the Jones Act incorporates the general provisions of the Federal Employers' Liability Act ("FELA"), including 28 U.S.C. § 1445(a), which bars removal of all FELA actions. *See Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 120 & 133-34 (2d Cir. 2010) (stating that "similar language in 28 U.S.C. § 1445(a) applies to the FELA and renders Jones Act cases non-removable"); *see also Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) (finding it "axiomatic that Jones Act suits may not be removed from state court because . . . the Jones Act . . . incorporates the general provisions of the Federal Employers' Liability Act, including 28 U.S.C. § 1445(a), which in turn bars removal"). However, a Jones Act claim may be removed to federal court if it is joined with a claim that presents a federal question under Section 1331. *See California Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 99 n.13 (2d Cir. 2004).

General maritime claims, such as claims for maintenance and cure, do not present federal questions for purposes of Section 1331. *See Lewis*, 531 U.S. at 455 (refusing to expand federal question jurisdiction to include admiralty claims "out of concern that [maritime actions brought] in state court would be removed to federal court and undermine the claimant's choice of forum"). "Accordingly, even where general admiralty claims are joined with Jones Act claims, the action is not removable under Section 1441(c) . . . ." *Stemmle v. Interlake Steamship Co.*, 198 F. Supp. 3d 149, 160 (E.D.N.Y. 2016); *see also WorldCom*, 368 F.3d at 99 n.13 (stating that joinder with a claim that meets the requirements for diversity jurisdiction such as a maintenance and cure claim does not permit the removal of nonremovable claims because Section 1441(c) "only permits removal of generally nonremovable claims when they are joined with a claim that falls within the federal question jurisdiction conferred by 28 U.S.C. § 1331").

On the other hand, an action brought *in rem* over a vessel confers exclusive jurisdiction within the federal court. The Judiciary Act of 1789 provides that "'[t]he district courts shall have original jurisdiction, exclusive of the courts of the States of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.'" *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 70-71 (2d Cir. 1998) (quoting 28 U.S.C. § 1333). "An *in rem* suit against a vessel is . . . distinctively an admiralty proceeding, and is hence within the exclusive province of the federal courts." *American Dredging Co. v. Miller*, 510 U.S. 443, 446-47 (1994); *see also Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 47 (2d Cir. 1996) (finding that "[s]tate courts 'may not provide a remedy *in rem* for any cause of action within the admiralty jurisdiction'") (citing *American Dredging*, 510 U.S. at 446); *Dluhos*, 162 F.3d at 71 (finding that "an action against [a] vessel in rem . . . fall[s] within the exclusive admiralty jurisdiction") (internal quotation marks and citation omitted).

### 2. *Application*

The Complaint contains a Jones Act violation, which is non-removable on its own. *Lewis*, 531 U.S. at 441. Therefore, the case is only removable if one of the claims under the General Maritime Law, New York Labor Law, or common law confers federal question jurisdiction. *See WorldCom*, 368 F.3d at 99 n.13. Unseaworthiness, maintenance and cure, and negligence are general admiralty claims that do not meet the requirements of Section 1441(c). *See Stemmle*, 198 F. Supp. 3d at 159-60. Violations of the New York Labor Law and common law negligence claims also do not confer federal question jurisdiction. Finally, since the Court has permitted Plaintiff to remove the vessels and the "vessel negligence" claim, this case is no longer an *in rem* admiralty action which would have conferred exclusive federal jurisdiction. *See American*

*Dredging*, 510 U.S. at 446-47; 28 U.S.C. § 1333.  As such, the Jones Act claim is no longer joined with claims that permit removal under Section 1441(c).  Out of respect for the limited jurisdiction of the federal courts and the rights of the states, the Court remands Plaintiff's case to the New York State Supreme Court in Ulster County.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter and the applicable law, the Court hereby

**ORDERS** that Plaintiff's Motion to File and Serve a "Second Amended Verified Complaint" and to Vacate the Notice of Removal is **GRANTED**; and the Court further

**ORDERS** that Plaintiff shall file his Second Amended Verified Complaint within ten (10) days of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that upon the Plaintiff's filing of the Second Amended Verified Complaint, the Clerk of the Court is directed to transmit the file in this matter, along with a copy of this Memorandum-Decision and Order, to the Clerk of the New York State Supreme Court, Ulster County and close this case.

**IT IS SO ORDERED.**

Dated: November 27, 2018
 Albany, New York

Mae A. D'Agostino
U.S. District Judge